# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**NANCY DAVID, ET AL.**                                    **CIVIL ACTION**

**VERSUS**                                                 **NO. 17-648-JWD-EWD**

**BLUMBERG AND ASSOCIATES, INC., ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on May 11, 2018.

                                                          *Erin Wilder-Doomes*
                                                          **ERIN WILDER-DOOMES**
                                                          **UNITED STATES MAGISTRATE JUDGE**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **NANCY DAVID, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-648-JWD-EWD** |
| **BLUMBERG AND ASSOCIATES, INC., ET AL.** | |

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is a Motion to Remand, filed by Nancy David, Estate of Jeff David and Denham Springs Publishing Company, Inc. (collectively, "Plaintiffs").[1] The Motion is opposed.[2] For the following reasons, the undersigned recommends[3] that the Motion to Remand be **DENIED.**

In the event this Report is adopted and Plaintiffs' Motion to Remand is denied, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference.

### Factual and Procedural Background

This matter arises out of the denial of Plaintiffs' insurance claim for property damages that resulted from the August 2016 flood in Baton Rouge, Louisiana. On or about August 9, 2017, Plaintiffs filed a Petition for Damages in the Twenty-First Judicial District Court for the Parish of Livingston, Louisiana, against Wright National Flood Insurance Company ("Wright"), Blumberg and Associates, Inc. ("Blumberg") and ABC Insurance Company (Blumberg's alleged insurer),

---

[1] R. Doc. 14.
[2] R. Docs. 21 & 22.
[3] The Fifth Circuit has held that, "a motion to remand is a dispositive matter on which a magistrate judge should enter a recommendation to the district court subject to de novo review." *Davidson v. Georgia-Pacific, LLC*, 819 F.3d 758, 765 (5th Cir. 2016). As such, a report and recommendation, rather than a ruling, is being issued relative to the instant Motion.

seeking property damages sustained as a result of the Baton Rouge Flood in August 2016.[4] In the Petition, Plaintiffs allege that they purchased a flood insurance policy beginning in 2004 from "Wright Flood Insurance Company of St. Petersburg, FL" through its agent, Blumberg.[5] Plaintiffs assert that on July 22, 2015, Wright failed to send a renewal notice for the flood policy to Blumberg, Investar Holding Corporation ("Investar") and "Denham Springs Publishing (Jeff David)."[6] Plaintiffs allege that if Wright sent notice to Blumberg, then Blumberg failed to send the renewal notice "to the plaintiff."[7] In any event, Plaintiffs claim that the policy was not renewed. Plaintiffs further allege that after delays for renewal expired, Blumberg and Wright "knew, or should have known, that flood insurance renewal notice should have been sent to Investar Holding Corporation and DENHAM SPRINGS PUBLISHING COMPANY, INC. (Jeff David) and flood insurance should have been force placed on plaintiff's property. Investar Holding Corporation was not notified and failed to force place flood insurance on the plaintiffs' property."[8] As a result, Plaintiffs assert a detrimental reliance claim against Wright and Blumberg pursuant to La. Civ. Code art. 1967.[9]

On September 14, 2017, Wright removed the matter to this Court on the basis of federal question jurisdiction, 28 U.S.C. § 1331.[10] Wright asserts that it is a Write-Your-Own ("WYO") Program Insurance carrier participating in the United States Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), and that the flood policy issued to Plaintiffs was a Standard Flood Insurance Policy ("SFIP"), which is

---

[4] R. Doc. 1-1 at pp. 4-15.
[5] R. Doc. 1-1 at pp. 4-5, ¶ 5.
[6] *Id.*
[7] *Id.* at p. 5, ¶ 5.
[8] *Id.* at p. 5, ¶ 6.
[9] *Id.* at p. 5, ¶ 6 and at p. 6, ¶ 10.
[10] R. Doc. 1 at ¶ 21. Wright asserts that Blumberg consents to the removal of this action. *Id.* at ¶ 4.

2

governed exclusively by federal law.[11] Specifically, Wright asserts that, "42 U.S.C. § 4072 conveys 'original exclusive' federal jurisdiction over claims involving the administration of the SFIP and claims-handling-based causes of action."[12] Wright argues that because its alleged liability is predicated upon alleged acts or omissions that occurred while the SFIP was in full force (the alleged failure to send a renewal notice on July 22, 2015), Plaintiffs' claims are claims handling-based and subject to this Court's original jurisdiction under 42 U.S.C. § 4072. Wright points out that the Fifth Circuit has held that an interaction with an insurer constitutes "claims handling" and is subject to preemption if the individual is already covered by insurance at the time of the interaction.[13]

On October 13, 2017, Plaintiffs filed the instant Motion to Remand, asserting that the Court does not have federal question jurisdiction over this case because Plaintiffs' claims for damages are governed Louisiana law.[14] Plaintiffs emphasize that they are not seeking to recover federal funds from the NFIP or FEMA and that their claim is merely for the failure to give notice for the renewal of flood insurance or failure to give notice of the expiration of a flood insurance policy. Plaintiffs further assert that, at the most, their claim may be considered as involving the procurement of a flood insurance policy, which does not invoke federal question jurisdiction.[15]

In opposition, Wright maintains its position that the allegations set forth in the Petition show that Plaintiffs' state law claims are claims handling-based rather than procurement-based, and are therefore expressly preempted by federal law.[16] Wright again cites several cases from the Fifth Circuit wherein the Court held that where, as here, a WYO carrier's alleged liability arises

---

[11] *Id*. at Introductory Paragraph and ¶¶ 9-20.
[12] *Id*. at ¶ 22.
[13] *Id*. at ¶¶ 28 & 29 (citing *Spong v. Fid. Nat. Prop. & Cas. Ins. Co.*, 787 F.3d 296, 306 (5th Cir 2015); *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d 397, 401 (5th Cir. 2012)).
[14] R. Doc. 14 at p. 1.
[15] R. Doc. 14-1 at p. 3.
[16] R. Doc. 21 at pp. 1-3.

out of an alleged act, omission or interaction which occurs while a SFIP is in place, the plaintiff's state law claims are classified as claims handling-based and are expressly preempted by federal law.[17] Wright points out that Plaintiffs do not dispute that the SFIP was in effect on July 22, 2015, when Wright and Blumberg allegedly failed to send a renewal notice for Plaintiffs' flood insurance policy and that there is no question that the alleged renewal notices were issued while the SFIP was in effect.[18] Because Plaintiffs' claims involve the alleged failure to issue renewal notices and Plaintiffs' alleged non-receipt of such renewal notices for a SFIP that was already in place, Wright argues that Plaintiffs' claims are claims handling-based rather than procurement claims.[19]

On November 3, 2017, Blumberg filed an opposition brief adopting by reference the arguments contained in Wright's opposition brief.[20] Blumberg reiterates the case law cited by Wright, asserting that Plaintiffs' claims are claims handling-based rather than procurement claims, which the Fifth Circuit has held are preempted by federal law.[21]

## Applicable Law and Analysis

### A. Federal Preemption

The Fifth Circuit has held that federal law preempts state law tort claims arising from claims handling by a WYO carrier, but it does not preempt state law procurement-based claims.[22] Stated another way, the Fifth Circuit has concluded that claims related to insurance claims handling raise a federal question under 28 U.S.C. § 1331, but claims related to insurance procurement do not.[23] The Fifth Circuit has explained that, "The key factor to determine if an interaction with an

---

[17] *Id.* at p. 2 (citing *Grissom*, 678 F.3d at 401; *Borden v. Allstate Insurance Co.*, 589 F.3d 168, 173 n.2 (5th Cir. 2009)).
[18] R. Doc. 21 at pp. 3 & 5.
[19] *Id* at pp. 7-9.
[20] R. Doc. 22 at p. 1.
[21] *Id.* (citing *Grissom*, 678 F.3d at 400).
[22] *Campo v. Allstate Ins. Co.*, 562 F.3d 751, 754-57 (5th Cir. 2009); *See, Wright v. Allstate Ins. Co.*, 415 F.3d 384, 390 (5th Cir. 2005).
[23] *Campo*, 562 F.3d at 757-58.

4

insurer is 'claims handling' is the status of the insured at the time of the interaction between the parties. If the individual is already covered and in the midst of a non-lapsed insurance policy, the interactions between the insurer and insured, including renewals of insurance, are 'claims handling' subject to preemption."[24] However, "if the insurance policy has lapsed, and the interactions between the individual and the insurer occur while the policy is not in force, the interactions are considered 'insurance procurement' and are saved from preemption."[25]

Here, the issue before the Court is whether Wright and Blumberg's alleged failure to send Plaintiffs a renewal notice for their flood insurance policy constitutes "claims handling" or "insurance procurement." If it is claims handling, Plaintiffs' suit is preempted by federal law and the Court has federal question jurisdiction over the case. However, if the interactions between Plaintiffs, Wright and Blumberg constitute claims procurement, the Court lacks subject matter jurisdiction over the claims.

In the original Petition, Plaintiffs allege that they purchased flood insurance "beginning in 2004" from Wright through its agent, Blumberg (flood policy no. 17-1150565972).[26] Plaintiffs further allege that on June 22, 2015, Wright failed to send a renewal notice for the policy to Blumberg, Investar and Denham Springs Publishing (Jeff David), and that if Wright sent the renewal notice to Blumberg, Blumberg failed to send the renewal notice to Plaintiffs.[27] In any event, Plaintiffs contend that the policy was not renewed. Wright submitted documents with the Notice of Removal which show that the foregoing flood policy was in effect at the time that Wright and Blumberg allegedly failed to send the renewal notices. Specifically, Wright submitted a copy

---

[24] *Grissom*, 678 F.3d at 401 (citing *Wright*, 415 F.3d at 389-90; *Borden v. Allstate Insur. Co.*, 589 F.3d 168, 173 n.2 (5th Cir. 2009)); *See, Spong v. Fid. Nat. Prop. & Cas. Ins. Co.*, 787 F.3d 296, 306 (5th Cir. 2015) (quoting *Grissom*, 678 F.3d at 401); *Miranda v. Selective Insurance Company of the Southeast*, Civ. A. No. 16-12555, 2017 WL 1021564, at *3 (E.D. La. Mar. 16, 2017) (citing *Grissom*, 678 F.3d at 401).
[25] *Miranda*, 2017 WL 1021564, at *3 (citing *Grissom*, 678 F.3d at 401).
[26] R. Doc. 1-1 at pp. 4-5, ¶ 5.
[27] *Id*.

of a Flood Policy Declarations Page dated October 4, 2014, showing an insurance policy issued by Wright through its agent, Blumberg, to "Jeff David, Denham Springs Publishing Co." (policy no. 17-1150565972) with a policy period of September 16, 2014 to September 16, 2015.[28] Wright also submitted a copy of three Renewal Notices dated July 22, 2015, August 5, 2015, and September 1, 2015, for the same insurance policy (policy no. 17-1150565972) which were each addressed to "Jeff David, Denham Springs Publishing Co."[29]

Based on the allegations in the Petition and the documents submitted by Wright in support of removal, Plaintiffs are alleging that the acts and omissions giving rise to this litigation, namely Wright and Blumberg's alleged failure to send renewal notices for Plaintiffs' flood insurance policy, occurred while Plaintiffs were already insured by Wright. As previously discussed, the Fifth Circuit in *Grissom* squarely held that, "If the individual is already covered and in the midst of a non-lapsed insurance policy, the interactions between the insurer and insured, *including renewals of insurance*, are 'claims handling' subject to preemption."[30] The Fifth Circuit subsequently concluded in *Grissom* that, "Because Grissom's dispute with Liberty Mutual relates to his renewal of a policy already in place—claims handling, not the initial procurement of the insurance policy—*Campo* does not control and we hold that Grissom's state law claim is preempted."[31] Like in *Grissom*, because Plaintiffs' dispute with Wright and Blumberg relates to questions regarding renewal of a policy already in place, the claims against Wright and Blumberg are claims handling-based, rather than procurement-based, and therefore preempted by federal law. As such, the Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. 1331.

---

[28] R. Doc. 1-3.
[29] R. Docs. 1-4, 1-5 & 1-6.
[30] *Grissom*, 678 F.3d at 401 (emphasis added); *See, Wright v. Allstate Insur. Co.*, 415 F.3d 384, 389-90 (5th Cir. 2005); *Borden v. Allstate Insur. Co.*, 589 F.3d 168, 173 n.2 (5th Cir. 2009); *See also, Spong v. Fid. Nat. Prop. & Cas. Ins. Co.*, 787 F.3d 296, 306 (5th Cir 2015) (quoting *Grissom*, 678 F.3d at 401).
[31] 678 F.3d at 401 (citing *Campo v. Allstate Ins. Co.*, 562 F.3d 751 (5th Cir. 2009)).

6

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the Magistrate Judge that the Motion to Remand[32] filed by plaintiffs Nancy David, Estate of Jeff David and Denham Springs Publishing Company, Inc., should be **DENIED.**

In the event this Report is adopted and Plaintiffs' Motion to Remand is denied, the undersigned further recommends that this matter be referred to the undersigned for a scheduling conference.

Signed in Baton Rouge, Louisiana, on May 11, 2018.

*[signature]*

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**

---

[32] R. Doc. 14.